## UNITED STATES of America, Plaintiff–Appellee,

v.

## Helen Soto MAYORGA, Defendant–Appellant.

No. 03–50468.

United States Court of Appeals, Ninth Circuit.

---

Submitted March 15, 2004.*

Decided March 23, 2004.

Ronald L. Cheng, Esq., Erik M. Silber, Esq., USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth A. Newman, Esq., FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: B. FLETCHER, WARDLAW and CLIFTON, Circuit Judges.

## MEMORANDUM **

Helen Soto Mayorga appeals the 10–month sentence imposed following her guilty-plea conviction for conspiracy to possess stolen mail and commit bank fraud, in violation of 18 U.S.C. § 371. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Soto Mayorga contends that the district court erred in denying her request for a two-level downward adjustment for a minor role pursuant to United States Sentencing Guidelines § 3B1.2, by failing to compare her role to other participants in the stolen check cashing scene. This contention is unpersuasive.

The record demonstrates that the district court considered the conduct of all the participants of the scheme, including the uncharged participants, in finding that Soto Mayorga was not entitled to a minor role adjustment. *See United States v. Davis*, 36 F.3d 1424, 1436 (9th Cir.1994)

(deciding that "[a] district court's finding that a defendant does not qualify for a minor or minimal participant status is heavily dependant on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous").

Soto Mayorga's role in the check cash scheme, including endorsing and cashing several stolen altered checks, and receiving economic benefit does not make her "less culpable than most other participants." *See United States v. Pinkney*, 15 F.3d 825, 828 (9th Cir.1994). Thus, our review of the record indicates that the district court's determination was not clearly erroneous.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

